1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JEFFREY CHARLES WREN,                    Case No. 1:21-cv-00753-SKO (PC)

12                  Plaintiff,
                                              **ORDER TO SHOW CAUSE WHY ACTION**
13         v.                                 **SHOULD NOT BE DISMISSED FOR**
                                              **FAILURE TO EXHAUST ADMINISTRATIVE**
14   GAMBOA, et al.,                          **REMEDIES**

15                  Defendants.               21-DAY DEADLINE

16

17         Plaintiff Jeffrey Charles Wren is a state prisoner proceeding *pro se* in this civil rights

18   action. In his first amended complaint, Plaintiff indicates that he has not filed an administrative

19   grievance regarding any of his claims. (Doc. 18 at 3, 4, 5.)

20         The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with

21   respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail,

22   prison, or other correctional facility until such administrative remedies as are available are

23   exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and

24   "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation

25   omitted). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v.*

26   *Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the

27   administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

28   ///

Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). In California, state-inmate grievances are subject to two levels of review. *See* Cal. Code Regs. tit. 15, §§ 3481(a), 3999.226(a)(1). Prisoners must generally receive a disposition from the second level of review before administrative remedies are deemed exhausted. *See id.* §§ 3483(m)(1), 3486(m), 3999.226(h); *but see id.* § 3483(m)(2).

In general, failure to exhaust is an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

Here, the face of the complaint reveals that Plaintiff failed to exhaust administrative his remedies prior to filing suit. Accordingly, the Court ORDERS Plaintiff, **within 21 days** of the date of service of this order, to show cause in writing why this action should not be dismissed for his failure to exhaust. Alternatively, Plaintiff may file a notice of voluntary dismissal. Failure to comply with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **December 3, 2021**                    */s/ Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE