UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHARLES WREN,<br><br>  Plaintiff,<br><br>  v.<br><br>GAMBOA, et al.,<br><br>  Defendants. | Case No. 1:21-cv-00753-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

  Plaintiff Jeffrey Charles Wren is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. In his first amended complaint, Plaintiff indicates that he has not filed an administrative grievance regarding any of his claims. (Doc. 18 at 3-5.) Therefore, on December 3, 2021, the Court issued an order to show cause why this action should not be dismissed for Plaintiff's failure to exhaust administrative remedies prior to filing suit. (Doc. 21.)

  Plaintiff filed a response to the order to show cause on December 17, 2021. (Doc. 22.) In his response, Plaintiff contends that he exhausted his remedies in a separate case, No. 2:19-cv-00251. (*Id.* at 2.) Upon review of the docket in that case, the Court notes that it is a habeas action filed by Plaintiff in 2019, which was dismissed in 2020.[1] *See Wren v. Ndoh*, No. 2:19-cv-00251

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

(Docs. 120, 131.) The Ninth Circuit Court of Appeals affirmed the dismissal in June of this year. *See id.* (Doc. 165). In his response to the order to show cause in the present case, Plaintiff also cites 28 U.S.C. § 2253, the statute governing habeas appeals, in support of his contention that he exhausted his remedies in the previous habeas action. (Doc. 22 at 2.)

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under . . . any other Federal law . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (citation omitted). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). In California, state-inmate grievances regarding non-healthcare matters are subject to two levels of review. *See* Cal. Code Regs. tit. 15, § 3481(a). In general, prisoners must receive a disposition from the CDCR Office of Appeals before administrative remedies are deemed exhausted. *See id.* §§ 3483(m)(1), 3486(m); *but see id.* § 3483(m)(2).

Failure to exhaust is generally an affirmative defense that the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

Here, it is clear on the face of his complaint that Plaintiff failed to exhaust administrative remedies prior to filing suit. The fact that Plaintiff may have exhausted his claims in a previous habeas action is irrelevant to whether he exhausted his current civil rights claims as required by the PLRA. The exhaustion requirements under the PLRA are "separate and distinct" from the exhaustion requirements under the habeas statutes. *Nettles v. Grounds*, 830 F.3d 922, 932 (9th Cir. 2016). The latter requires exhaustion in *state courts*, whereas the former requires

*administrative* exhaustion within the prison system, as described above. *See id.* at 932 n.8; *compare* 28 U.S.C. § 2254(b)(1) *with* 42 U.S.C. § 1997e(a).

Accordingly, the Court **RECOMMENDS** that this action be **DISMISSED**. The Court **DIRECTS** the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 22, 2021**                    /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE