UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY CHARLES WREN,<br><br>            Plaintiff,<br><br>    v.<br><br>GAMBOA,<br><br>            Defendant. | No. 1:21-cv-00753-JLT-SKO (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING ACTION FOR FAILURE TO EXHAUST**<br><br>(Doc. No. 24) |

Plaintiff Jeffrey Charles Wren is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The assigned magistrate judge found that it is clear on the face of his complaint that Plaintiff failed to exhaust administrative remedies prior to filing suit as required by the Prison Litigation Reform Act.  (Doc. No. 21.)  Therefore, the magistrate judge ordered Plaintiff to show cause why this action should not be dismissed for failure to exhaust.  (*Id.* at 2.)  Plaintiff filed a response to the order to show cause and contends that he exhausted his remedies in a separate case, no. 2:19-cv-00251. (Doc. No. 22 at 2.)  The magistrate judge noted that case no. 2:19-cv-00251 is a habeas action that was dismissed in 2020.  (Doc. No. 24 at 1 (citing *Wren v. Ndoh*, No. 2:19-cv-00251 (Doc. Nos. 120, 131)).)

On December 27, 2021, the magistrate judge issued findings and recommendations,

recommending that this action be dismissed for Plaintiff's failure to exhaust. (Doc. No. 24.) The magistrate judge found that "[t]he exhaustion requirements under the PLRA are 'separate and distinct' from the exhaustion requirements under the habeas statutes." (*Id.* at 2 (citing *Nettles v. Grounds*, 830 F.3d 922, 932 (9th Cir. 2016)).) The judge again concluded that it is clear on the face of his complaint that Plaintiff failed to exhaust with respect to the claims in this case as required by the PLRA. (*Id.*) The findings and recommendations were served on Plaintiff and provided him 14 days to file objections thereto. (*Id.* at 3.) Plaintiff filed objections on January 5, 2022. (Doc. No. 26.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis. Plaintiff's objections are difficult to decipher, but he does not meaningfully dispute that he failed to exhaust his administrative remedies with respect to this civil rights case, as opposed to the habeas action identified above. (*See generally* Doc. No. 26.) Accordingly, the Court ORDERS:

1. The findings and recommendations issued on December 27, 2021 (Doc. No. 24) are ADOPTED in full;
2. This action is DISMISSED for failure to exhaust administrative remedies; and,
3. The Clerk of the Court is DIRECTED to terminate all pending motions and to close this case.

IT IS SO ORDERED.

Dated:   **January 18, 2022**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE

2